UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELVIN RONALD BERG,

    Plaintiff,

v.

                                                                              Case No. 3:25-cv-437-TJC-LLL

UNITED STATES OF AMERICA,

    Defendant.

## O R D E R

**THIS CASE** is before the Court on the Motion to Dismiss, Doc. 57, by the United States of America, arguing the Court lacks subject matter jurisdiction. Plaintiff, Delvin Berg, proceeding pro se, has opposed dismissal. Doc. 66.

Berg is an Army veteran, who was discharged in 1987 with a 20% disability rating. Berg alleges his injury and medical records supported a higher rating, and the VA falsified his records in 2007 and 2019 to support the lower rating. Doc. 43 ¶22. The Second Amended Complaint has three claims: Negligence (Count I), Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress (both part of Count II). Doc. 43 ¶¶ 33–52. Berg seeks retroactive benefits, damages for pain and suffering, and costs and attorney's fees. Doc. 43 at 9. For the reasons stated herein, the Court agrees it

lacks subject matter jurisdiction. Accordingly, the motion to dismiss is due to be granted.

I.  ANALYSIS

  A.  **Standard**

In evaluating a motion to dismiss based on a facial attack to subject matter jurisdiction "the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

  B.  **Subject Matter Jurisdiction**

A challenge to VA benefits is governed by the Veterans Judicial Review Act ("VJRA"), which provides appeals may be made to the Board of Veterans' Appeals, and those decisions are solely appealable to the Court of Appeals for the Federal Circuit. Hall v. U.S. Dep't Veterans' Affs., 85 F.3d 532, 533 (11th Cir. 1996) (additional citations omitted); see also Johnson v. United States Congress, No. 23-10682, 2025 WL 2394684 at *3 (11th Cir. Aug. 19, 2025).

While VJRA jurisdiction is exclusive, there are claims with some relationship to benefits, often for medical malpractice under the Federal Tort Claims Act ("FTCA"), which have been permitted to proceed in a district court. See Smith v. United States, 7 F.4th 963 (11th Cir. 2021) (collecting cases); Johnson, 2025 WL 2394684 at *1, *3. The jurisdictional question is whether the "claims present, and require a federal court to review, 'questions of law and fact

necessary to a decision by the Secretary under a law that affects the provision of benefits"? See 38 U.S.C. § 511(a). If they do, the court lacks jurisdiction. If they do not, the court has jurisdiction." Smith, 7 F.4th at 985.

Berg argues his claims are under the FTCA, and should be allowed to proceed in district court, similar to medical malpractice claims. However, Berg does not allege any instances of improper medical treatment or failure to receive proper treatment. See Doc. 43. Instead, Berg alleges his medical records were falsified with an incorrect diagnostic code, resulting in a lower disability rating. Berg argues the falsification of a government document (entry of a false diagnostic code) is a tort that violates the FTCA and this litigation is not a dispute about his disability rating. Doc. 79 at 3.

To answer the jurisdictional question, the Court must look beyond the legal theory to the underlying legal and factual analysis involved. Cf. Johnson, 2025 WL 2394684 at *4 (noting other circuits have agreed "a veteran cannot circumvent the statutory scheme by recasting his benefit decision" in other terms). Here, the gravamen of Berg's complaint is that his disability rating from the VA should have been higher, and he has been harmed by the lower rating, including because it caused emotional distress. To evaluate the claims, the Court would be required to review how Berg's disability rating was determined and documented. Smith, 7 F.4th at 984–86 (noting that "any type of substantive benefits decision itself is unquestionably shielded from judicial review by §

3

511(a)" and "the VJRA also precludes judicial review of any decision made by the Secretary <u>in the course of</u> making'" the benefits determination) (additional citations omitted). As such, the Court lacks subject matter jurisdiction.[1]

Berg also argues the failure to properly maintain records is a violation of the Privacy Act, but this claim is not part of the operative complaint. <u>Compare</u> Doc. 43 (Second Amended Complaint) <u>with</u> Doc. 78-3 (proposed Third Amended Complaint). Nonetheless, a district court would not have subject matter jurisdiction over a claim for failure to maintain accurate records resulting in an adverse benefits determination. <u>Hunt v. U.S. Dep't of Veterans' Affs.</u>, 739 F.3d 706, 707 (D.C. Cir. 2014) (additional citations omitted).

The Court is sympathetic to the difficult circumstances Berg has described. Nonetheless, Berg has had sufficient opportunity to plead a viable claim. The latest proposed amended complaint, Doc. 84-1, would fare no better. In it, Berg states he is not challenging the benefits determination, Doc. 84-1 ¶¶ 18, 21, but the proposed Counts I to IV are all premised on his claim that improper codes were used in documenting his disability, resulting in a lower disability rating. Because the claims are intertwined with his disability rating, this Court lacks subject matter jurisdiction. The proposed Count V alleges that

---

[1] Tellingly, Plaintiff has availed himself of the VJRA review process and may have further options within that process to challenge his disability rating. Doc. 53 at 2; see <u>Hall v. U.S. Dep't Veterans' Affs.</u>, 85 F.3d 532, 533 (11th Cir. 1996) (additional citations omitted).

not allowing further amendment to his complaint(s) is a violation of the Americans with Disabilities Act. This proposed count would be properly dismissed for failure to state a claim. Thus, further amendment would be futile.[2]

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss, Doc. 57, is **GRANTED.** This case is **Dismissed without Prejudice,** for lack of subject matter jurisdiction.

2. Plaintiff's remaining motions are **DENIED** as moot.

3. The Clerk is directed to close the file and terminate any pending motions or deadlines.

**DONE AND ORDERED** in Jacksonville, Florida the 25th day of August, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw

---

[2] Even with review of the additional filing opposing dismissal, Doc. 88, and addressing the government's notice of supplemental authority, Doc. 89, the Court concludes amendment would be futile.

5

Copies:

Delvin Ronald Berg
12 Longview Lane
Palm Coast, FL 32137

Counsel of record

6